UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

EILEEN COMBS, HELEN CRAVEN,       )
BONNIE L. HITE, RAY MACE, CARL L. )
SMITH, and MARY WALLICK,          )
      Plaintiffs,                 )
                                  )
vs.                               )           1:08-cv-00414-RLY-JMS
                                  )
GRAND VICTORIA CASINO & RESORT,   )
      Defendant.                  )


**ENTRY ON DEFENDANT'S (1) MOTION TO DISMISS, (2) MOTION TO
DISMISS PLAINTIFFS' ADEA DISPARATE IMPACT CLAIMS BROUGHT IN
THEIR AMENDED COMPLAINT AND (3) MOTION TO SEVER OR
ALTERNATIVELY FOR SEPARATE TRIALS**

On March 28, 2008, Plaintiffs filed a Complaint against Grand Victoria Casino &

Resort ("Grand Victoria" or "Defendant"), alleging in part disparate impact claims

brought under the Age Discrimination in Employment Act ("ADEA").  On May 30, 2008,

Defendant filed a Motion to Dismiss Plaintiffs' disparate impact claims.  Plaintiffs did not

respond to the motion, but rather filed an Amended Complaint on July 11, 2008.  Now

before the court is Defendant's Motion to Dismiss Plaintiffs' ADEA Disparate Impact

Claims Brought in Their Amended Complaint.  The court dismisses Defendant's prior

Motion to Dismiss (Docket # 15) as **MOOT**, and addresses only the instant motion to

dismiss.  For the reasons set forth below, Defendant's Motion to Dismiss Plaintiffs'

ADEA Disparate Impact Claim (Docket # 35) is **GRANTED**.

Also before the court is Defendant's Motion to Sever or Alternatively for Separate

1

Trials.  For the reasons set forth below, Defendant's Motion to Sever (Docket # 17) is **DENIED**.  The court also **DENIES** Defendant's request for separate trials.

## I.  Background

Eileen Combs ("Combs"), Helen Craven ("Craven"), Bonnie L. Hite ("Hite"), Ray Mace ("Mace"), Carl L. Smith ("Smith"), and Mary Wallick ("Wallick") (collectively "Plaintiffs") are all former Grand Victoria employees.  Their ages range from 43 years to 60 years of age.  Plaintiffs allege claims of age discrimination based on theories of disparate impact and disparate treatment.  Plaintiff Mace also alleges a disability discrimination claim.

### A.  Plaintiffs' Positions, Supervisors, and Terminations

1.  Combs was employed as a Slot Attendant in the Slot Department.  Her supervisor was Roberta Nay.  (Docket # 18-2 ("Sizemore Declaration") ¶ 6).  Defendant alleges that Combs was terminated on December 6, 2006, for poor performance and rude behavior to customers.  (*Id.* ¶ 8).  Jason Newkirk, former Director of Slot Operations was the primary decision maker.  (*Id.*).

2.  Craven was employed as the Manager of Wellington's Steak House in the Food & Beverage Department.  (Docket # 18-3 ("Tufts Declaration") ¶ 3).  Her supervisor was Greg Tufts ("Tufts").  (*Id.* ¶4).  Defendant alleges that Craven was terminated on November 21, 2006, for impeding an investigation by Grand Victoria.  (*Id.* ¶ 5).  Greg Tufts, Director of Food & Beverage, was the primary decision maker.  (*Id.*).

3.  Hite was employed as a Buffet Supervisor in the Food & Beverage

Department.  Her supervisor was Karen Smith.  (Tufts Declaration ¶ 6).  Defendant

alleges that Hite was terminated on October 30, 2006, for complaints of harassment,

insubordination, and unprofessional conduct.  Greg Tufts was the primary decision

maker.  (*Id.* ¶ 8).

      4.    Mace was employed as a Lead Supervisor in the Surveillance

Department.  His supervisor was James Valentine ("Valentine"), former Director of

Surveillance.  (Sizemore Declaration ¶ 9).  Defendant alleges that Mace was terminated

on November 2, 2006, for violation of policies, neglect of duties, and unprofessional

conduct.  Valentine and Larry Dennison, Corporate Director of Surveillance, were the

decision makers.  (*Id.* ¶ 11).

      5.    Smith was employed as a Network Administrator in the Information

Technology Department.  (Sizemore Declaration ¶ 3).  His supervisor was Danny

Edmunds ("Edmunds"), former Director of Information Technology.  (*Id.* ¶ 4).

Defendant alleges that Smith was terminated on November 28, 2006, for poor

performance.  Edmunds was the primary decision maker.  (*Id.* ¶ 5).

      6.    Wallick was employed as a Snack Bar Attendant in the Food &

Beverage Department.  Her supervisor was Karen Smith.  (Tufts Declaration ¶ 9).

Defendant alleges that Wallick was terminated on November 9, 2006, for job

abandonment.  Tufts was the primary decision maker.  (*Id.* ¶ 11).

## II.    Plaintiffs' Disparate Impact Claims

Plaintiffs claim that "Defendant's facially neutral employment practices in 2006. . .

had a disparate impact on employees over age 40 and over age 45." (Docket # 32

("Amended Complaint") ¶ 9).  The specific employment practices Plaintiffs allege had a

disparate impact are Defendant's "unreasonable and arbitrary methods and subjective

practices of investigation and decision making concerning (a) terminations; (b) alleged

rule and policy violation; (c) alleged employee misconduct; and (d) disciplinary

procedures."  *Id.*  Defendant argues that these allegations are not sufficient to support a

disparate impact claim under the ADEA.

### A.     Motion to Dismiss Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of

claims for "failure to state a claim upon which relief may be granted."  In deciding a

motion to dismiss pursuant to Rule 12(b)(6), the court accepts the allegations in the

complaint as true, and it draws all reasonable inferences in favor of the plaintiff.  *Mallett*

*v. Wisconsin Div. of Vocational Rehabilitation*, 130 F.3d 1245, 1248 (7th Cir. 1997);

*Porter v. DiBlasio*, 93 F.3d 301, 305 (7th Cir. 1996).  To survive a motion to dismiss, the

plaintiff's complaint "must describe the claim in sufficient detail to give the defendant

'fair notice of what the . . . claim is and the ground upon which it rests."  *E.E.O.C. v.*

*Concentra Health Serv., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (*quoting Bell Atlantic*

*Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007)).  Additionally, the allegations in the

complaint "must plausibly suggest that the plaintiff has a right to relief, raising that

possibility above a 'speculative level;' if they do not, the plaintiff pleads himself out of

court."  *Id.*

## B.    Sufficiency of Plaintiffs' Disparate Impact Claims

The Supreme Court has held that the ADEA authorizes recovery under a disparate impact theory of liability.  *Smith v. City of Jackson*, 544 U.S. 228, 240 (2005).  However, the Court specifically held that "the scope of disparate-impact liability under the ADEA is narrower than under Title VII."  *Id.*  To adequately state a disparate impact claim under the ADEA, Plaintiffs must allege that Defendant's policies or practices are facially neutral, but effectively discriminatory to those 40 years of age and older.  *Turner v. Jewel Food Stores, Inc.*, 2005 WL 3487788, at *2 (N.D. Ill. Dec. 21, 2005).  Plaintiffs must identify the *specific* policy or practice that they allege is responsible for the disparate impact; it is "not enough to simply allege that there is a disparate impact on workers, or point to a generalized policy that leads to such an impact."  *Smith*, 544 U.S. at 241.

To survive a Rule 12(b)(b) motion to dismiss, Plaintiffs must point to a specific employment practice or policy that is facially neutral but discriminatory in effect.  In their Amended Complaint, Plaintiffs only make a vague reference to Defendant's "unreasonable and arbitrary methods and subjective practices of investigation and decision-making."  This is not sufficient to support a disparate impact claim under the ADEA.  First, Plaintiffs have failed to identify a *specific* employment practice or policy.  Secondly, the "practice" that Plaintiffs do point to is not facially  neutral, as Plaintiffs themselves label Defendant's methods as "unreasonable and arbitrary."

Plaintiffs cite *Meacham v. Knolls Atomic Power Lab*, 128 S.Ct. 2395 (2008) to support their assertion that courts have routinely found subjective decision making by

supervisors concerning termination decisions to be a specific employment practice for purposes of disparate impact analysis.  This is a distortion of the *Meacham* holding.

In *Meacham*, managers scored employees on "performance," "flexibility," and "critical skills" in order to determine which employees would be laid off.  *Id.* at 2398. The plaintiffs argued that this facially-neutral method of evaluation had a disparate impact on ADEA-protected employees.  *Id.*  To prove that there was a disparate impact, the plaintiffs used statistical evidence to show that the scores for which managers had the most discretionary judgment were the most skewed according to age.  *Id.* at 2395. Although *Meacham* acknowledges that there was an element of subjectivity in the evaluation process, "subjective decision making" was not the specific employment practice evaluated for disparate impact.  The specific employment practice pointed to by the plaintiffs in their claim was the three-part scoring system.

In the instant case, Plaintiffs have not pointed to a specific employment practice to support their disparate impact claims.  Their vague claims of subjective decision-making cannot be considered a "specific test, requirement, or practice."  *Smith*, 544 U.S. at 241. As Plaintiffs filed an Amended Complaint in response to Defendant's previous motion to dismiss, Plaintiffs have already had ample time to cure this defect.  Plaintiffs' ADEA disparate impact claims are dismissed with prejudice.

## III.    Motion to Sever or Alternatively for Separate Trials

Plaintiffs collectively claim that Defendant terminated their employment because of their respective ages.  Plaintiff Mace also alleges he was terminated because of his

Parkinson's disease.  Defendant argues that joinder under Federal Rule of Civil Procedure 20(a) is improper in this case because Plaintiffs' claims are not of the same transaction, occurrence, or series of transactions or occurrences and do not share a common question of law or fact.  Alternatively, Defendant argues that if the court does not sever the parties, it should order separate trials to avoid prejudice to Defendant pursuant to Federal Rule of Civil Procedure 42(b).

The court finds that Defendant's motion to sever is premature.  In determining whether to sever, the court must determine whether the plaintiffs' claims arise out of the same series of transactions or occurrences.  *See* FED. R. CIV. P. 20(a).  The instant case is still in its stages of infancy.  The Amended Complaint was just filed on July 11, 2008 and there has yet to be any discovery in this matter.  Based on the information on the record at this time, the court is not able to determine whether Plaintiffs' claims are sufficiently related to allow joinder under Rule 20(a).

Defendant's motion for separate trials is also premature.  When deciding whether to order separate trials, the court must consider convenience, judicial economy, and prejudice to the parties.  *See* FED. R. CIV. P. 42(b).  As discussed above, there has been no discovery in this case, making it difficult for the court to assess the prejudice Defendant alleges it will face if Plaintiffs' trials aren't separated.  Additionally, neither party has filed a motion for summary judgment in this case.  The court cannot evaluate the convenience and economy of one trial versus separate trials until the court knows how many plaintiffs and claims will be proceeding to trial.  Defendant may again raise its

motion to sever or alternatively for separate trials after there has been a ruling on summary judgment.

## IV.   Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss (Docket # 15) is **DENIED AS MOOT** and Defendant's Motion to Dismiss Plaintiffs' ADEA Disparate Impact Claims Brought in Their Amended Complaint (Docket # 35) is **GRANTED**. Defendant's Motion to Sever or Alternatively for Separate Trials (Docket # 17) is **DENIED**.

**SO ORDERED** this 30th day of September 2008.

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Electronic Copies To:

Kevin W. Betz
Betz & Associates
kbetz@betzadvocates.com

Paul H. Tobias
Tobias, Kraus & Torchia
tkt@tktlaw.com

Hallie D. Calderone
Jackson Lewis LLP
caldaroh@jacksonlewis.com

Jane McFetridge
Jackson Lewis LLP
mcfetrij@jacksonlewis.com

Michael W. Padgett
Jackson Lewis LLP
padgettm@jacksonlewis.com